UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Drywall Tapers and Painters of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO et al.,

Petitioners,

v.

Greenbuild LLC,

Respondents.

25 Civ. 2349 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is an unopposed Petition to Confirm Arbitration filed by Drywall Tapers and Painters of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO and Trustees of the Drywall Tapers and Painters Local Union No. 1974 Benefit Funds ("Petitioners" or "the Union"). On November 24, 2024, the Joint Trade Board found Greenbuild LLC guilty for failure to submit benefit fund contributions, in violation of Article XX and Article XIII Section 6 Violation 9 of the Collective Bargaining Agreement ("CBA"). The Board ordered Greenbuild to submit $27,073.07 in contributions on behalf of Roberto Veron, an employee of Greenbuild, ordered a fine of $4,000, and assessed liquidated damages in the amount of $26,044.37.

For the reasons set forth below, the Petition is **GRANTED**, and, accordingly, the Arbitration Awards are **CONFIRMED**.

## LEGAL STANDARD

Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Hera Sports Surfaces LLC*, No. 23 Civ. 10800, 2025 WL 1326998, at *2 (S.D.N.Y. May 7, 2025).[1] The scope of a court's review of a final arbitration award under the LMRA is "severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015). There is a strong federal policy in favor of enforcing arbitration awards in labor disputes, and judicial review of arbitration awards in labor contexts is "among the most deferential in the law." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Megrant Corp.,* No. 21 Civ. 1336, 2026 WL 252510, at *3 (S.D.N.Y. Jan. 30, 2026). An arbitration award in a labor dispute is enforceable as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2. A reviewing court must confirm an arbitration award as long as the arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority," barring circumstances such as fraud or where the arbitration decision violates public policy. *Id.* In other words, an award must be confirmed if there is even a "barely colorable justification" for the outcome. *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman*

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

*Retraining, Educ. & Indus. Fund v. Rici Corp.*, No. 25 Civ. 7769, 2026 WL 1536853, at *2 (S.D.N.Y. June 1, 2026).

As is the case here, when a petition to confirm an arbitration award is unanswered, district courts generally treat petitions as unopposed motions for summary judgement. *See Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2; *see Rici Corp.* 2026 WL 1536853, at *2. Confirmation is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and that court "must grant the award unless [it] is vacated, modified, or corrected." *See Rici Corp.* 2026 WL 1536853, at *2 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). While default judgments in confirmation or vacatur proceedings are "generally inappropriate," "the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d. at 109-10.

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

## DISCUSSION

### I. Confirmation of the Arbitration Award

Applying the deferential standard set forth above, the Court concludes that the Award should be confirmed. The record establishes that the Respondent was bound by the CBA, which provided for the arbitration of disputes between parties. Pet. ¶¶ 5-6; *see also* CBA at Article XIV, ECF No 5-2. The dispute submitted to arbitration fell clearly within the scope of the CBA: failure to submit fringe benefit contributions, in violation of Article XX and XIII Section 6 Violation 9 of the CBA. Pet. ¶¶ 7-8. The Union filed a demand for arbitration and served such on Greenbuild. Pet. ¶ 8. The Joint Trade Board held a hearing on November 5, 2024, and rendered an award thereafter, finding Greenbuild violated the CBA by failing to submit fringe benefits, and ordering a remedy of $27,073.07 in contributions on behalf of Roberto Veron, an employee of Greenbuild, ordered a fine of $4,000, and assessed liquidated damages in the amount of $26,044.37. Pet. ¶¶ 9-11. The Court identifies nothing improper in these proceedings.

Because Respondent has not appeared, the Court treats the Petition as an unopposed motion for summary judgment and asks only whether the undisputed facts entitle Petitioners to judgment as a matter of law. *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2; *see Rici Corp.* 2026 WL 1536853, at *2. Based on these facts, the Court can identify no basis to disturb the Award, much less the "very high" showing required to avoid confirmation. *D.H. Blair*, 462 F.3d. at 110. For example, there is no reason to question the validity of the Award, as it has not been vacated, modified, or corrected, and no application for such relief is pending. Pet. ¶ 17. Nor is there evidence that the arbitrator was acting outside the scope of his authority. *See Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2. Nothing in the substance of the Award suggests that the Joint Trade Board dispensed "[its] own brand of industrial justice" rather than enforcing the parties' agreement. *Id.* To the contrary, the Award rests on the undisputed evidence presented at the

arbitration hearing and is grounded in the CBA. There is, accordingly, far more than the "barely colorable justification" required to sustain it. *Rici Corp.*, 2026 WL 1536853, at *2.

The Petition is therefore granted, and the Award is confirmed in all respects.

**II. Fees, Costs, and Interest**

Petitioners also seek the attorney's fees and costs incurred in bringing this proceeding. Although the LMRA does not itself authorize a fee award, courts in this district "have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it." *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013). That principle applies here. Respondent neither complied with the Award nor moved to vacate it and has offered no justification for its refusal to pay. *See* Pet. ¶¶ 14-15. An award of fees and costs is therefore warranted. *See Megrant Corp.,* 2026 WL 252510, at *6-7 (awarding attorney's fees and costs where a party merely refused to abide by an arbitrator's award without challenging or seeking to vacate it).

The Court further finds the requested amounts reasonable. Reasonable attorney's fees are calculated using the lodestar method, which multiplies the hours reasonably expended by a reasonable hourly rate. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). Petitioners' counsel spent 11.8 hours on this matter at a rate of $300 per hour, yielding a total of $3,540. *See* ECF No. 11 ¶ 5. These hours are modest and appropriate for an uncontested petition of this kind, and the rates are consistent with those regularly approved in this district for comparable work. *See, e.g., Rici Corp.* 2026 WL 1536853, at *3 (awarding $1,235 in attorney's fees for 3.8 hours of work at a rate of $325 per hour); *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *3 (awarding $1,829 in attorney's fees

for 5.9 hours of work at a rate of $310 per hour). The Court likewise grants Petitioners' request for $492 in costs, as service and filing fees are routinely recoverable in these proceedings. *See New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016).

Petitioners are also entitled to post-judgment interest, which is mandatory and accrues at the statutory rate from the date of judgment until the Award is paid in full. 28 U.S.C. § 1961(a); *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Furniture Bus. Sols., LLC*, No. 20 Civ. 2867, 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) (awarding identical post-judgment interest).

## CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**, the Award is **CONFIRMED**, and Petitioners are awarded judgment against Respondent in the liquidated amount of Sixty One Thousand One Hundred Forty Nine Dollars and Forty Four Cents ($61,149.44), which includes the following: Decision and Award of the Joint Trade Board amount due and owing in the sum of $57,117.44, attorney's fees in the sum of $3,540.00 and court costs and disbursements in the sum of $492.00. Post-judgment interest shall accrue at the statutory rate.

The Clerk of Court is respectfully directed enter judgment in favor of Petitioner and to close this case.

SO ORDERED.

Dated: July 9, 2026
New York, New York

DALE E. HO
United States District Judge